**IT IS SO ORDERED.**

**SIGNED THIS: September 13, 2005**

_____
**LARRY LESSEN
UNITED STATES BANKRUPTCY JUDGE**
_____

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF ILLINOIS

```
In Re                            )
                                 )    In Bankruptcy
JAMIE L. CASIAS,                 )
                                 )    Case No. 05-70601
          Debtor.                )
_____  )
                                 )
JEFFREY D. RICHARDSON,           )
                                 )
          Plaintiff,             )
                                 )
     v.                          )    Adversary No. 05-7077
                                 )
FORD MOTOR CREDIT COMPANY,       )
                                 )
          Defendant.             )
```

# O P I N I O N

The issue before the Court is whether the Trustee may avoid as a preference wages paid to a judgment creditor within 90 days

1

of a debtor's bankruptcy where a state court wage deduction order was entered more than 90 days before the bankruptcy was filed.

The parties have stipulated to the material facts. The Debtor, Jamie Casias, filed a petition pursuant to Chapter 7 of the Bankruptcy Code on February 11, 2005. The Plaintiff, Jeffrey Richardson, is the Debtor's Chapter 7 Trustee. The Defendant, Ford Motor Credit Company, is an unsecured creditor of the Debtor.

Ford obtained a judgment against the Debtor in Macon County Circuit Court on February 18, 2004, in the amount of $9,643.53 plus costs. Following entry of the judgment order, Ford instituted a wage deduction proceeding directed to the Debtor's employer, Caterpillar Tractor Company, which required Caterpillar to deduct from the Debtor's wages the amount allowed by federal and state law to apply to the judgment. A wage deduction order was entered by the state court on April 2, 2004. The order created a lien upon the non-exempt wages of the Debtor as of the date of the service of the wage deduction summons. Caterpillar was directed to deduct 15% of the Debtor's non-exempt gross wages after certain specified deductions and remit this sum to the Plaintiff's attorney at least monthly.

During the 90 days preceding the Debtor's bankruptcy, Ford received periodic payments under the wage deduction order which totaled $1,664.80, all of which the Debtor earned during the 90

days preceding the bankruptcy.

The parties agree that the Debtor was insolvent during the 90 day period and that the payments during the period allowed Ford to receive a greater amount than it would have received in a bankruptcy distribution.

The Trustee filed this adversary proceeding to recover the $1,664.80 paid to Ford as a preference pursuant to 11 U.S.C. § 547(b), which provides as follows:

> (b)  Except as provided in subsection (c) of this section, the trustee may avoid any transfer of an interest of the debtor in property–
>
>> (1)  to or for the benefit of a creditor;
>>
>> (2)  for or on account of an antecedent debt owed by the debtor before such transfer was made;
>>
>> (3)  made while the debtor was insolvent;
>>
>> (4)  made–
>>
>>> (A)  on or within 90 days before the date of the filing of the petition; or
>>>
>>> (B)  between ninety days and one year before the date of the filing of the petition, if such creditor at the time of such transfer was an insider; and
>>
>> (5)  that enables such creditor to receive more than such creditor would receive if–
>>
>>> (A)  the case were a case under chapter 7 of this title;
>>>
>>> (B)  the transfer had not been

>    made; and
>
>        (C) such creditor received payment of such debt to the extent provided by the provisions of this title.

11 U.S.C. § 547(b).

The Trustee has the burden of proving the avoidability of a preferential transfer. 11 U.S.C. § 547(g). There is no dispute that $1,664.80 was transferred to Ford within 90 days before the date of filing and that these payments allowed Ford to receive more than it would have received in a Chapter 7 liquidation. Insolvency is presumed pursuant to 11 U.S.C. § 547(f). The issue is whether the Debtor had an "interest" in the funds when they were transferred to Ford.

The Seventh Circuit addressed this issue in 1984 in In re Coppie, 728 F.2d 951 (7th Cir. 1984) in the context of Indiana law. In Coppie, as in this case, the debtor's wages were garnished within 90 days of filing pursuant to a garnishment order issued more than 90 days before filing. Recognizing a split of authority on this issue, the Court opined that "different results are often, though not always, attributable to varying state law." Id., at 952. Under Indiana law, the entry of a wage garnishment judgment constituted a continuing lien on not more than 10% of the debtor's future income. Id., at 952. Once the garnishment order was entered, Indiana debtors were no longer legally entitled to 10% of their future wages. Because

4

the debtor's rights in 10% of his future wages were transferred to the creditor at the time of the garnishment order, no transfer of the debtor's property occurred within 90 days of the filing of the petition.  Therefore, the Seventh Circuit concluded that there was no avoidable preference.  Id., *at* 953.

Two other United States Courts of Appeals agree with the Coppie holding that a wage garnishment which occurs within 90 days of the filing but was ordered before the preference period does not constitute a voidable preference.  In re Connor, 733 F.2d 1560, 1562 (11th Cir. 1984); In re Riddervold, 647 F.2d 342, 346-47 (2nd Cir. 1981).  However, the Coppie holding has also been the subject of harsh criticism and a majority of bankruptcy courts do not follow it.  In re Mays, 256 B.R. 555, 560-62 (Bankr. D. N.J. 2000).  The Trustee suggests that Coppie may no longer be good law, but it is not the role of this Court to second-guess the Seventh Circuit.  This Court must determine whether the analysis in Coppie of Indiana garnishment law is applicable to the Illinois Wage Deduction Act, 735 ILCS 5/12-801 *et seq.*

In re Earley, 305 B.R. 837 (Bankr. N.D. Ill. 2004) points out two differences between the Indiana law and the Illinois law:

> In Illinois, the "continuing lien" that arises on service of the garnishment summons does not instantly deprive the debtor of all interest in future wages. *See In re Weatherspoon*, 101 B.R. 533, 539 (Bankr. N.D. Ill. 1989) (distinguishing *Coppie*); *see also In re Perry*, 48 B.R. 591, 596 (Bankr. M.D. Tenn.

>       1985)(stating that *Coppie* operates only in a state
>       recognizing service of the summons as "the complete end
>       to the debtor's legal and equitable rights in future
>       wages"). Illinois law is also inconsistent with
>       *Coppie's* apparent premise that a debtor's wages can be
>       transferred even before they are earned.

Id. *at* 845 (footnote omitted). The continuing lien on subsequent wages provided by the Illinois Wage Deduction Act "attaches to wages only when the judgment debtor has a right to them, and the judgment debtor has no right to them until he does work entitling him to be paid." Id. *at* 842. *See* Taylor v. Taylor, 44 Ill.2d 139, 144, 254 N.E.2d 445, 448 (1969) (continuing lien on subsequent earnings does not include advanced monies which are unearned).

The Court agrees with the Trustee and Early that Coppie is not applicable to the Illinois Wage Deduction Act. Indeed, Ford admits that it is not "hanging its hat" on Coppie. Instead, Ford cites In re Freedom Group, Inc., 50 F.3d 408 (7th Cir. 1995) for the proposition that "a garnishment or attachment does not transfer money or other property to a creditor, for purposes of determining whether the transfer is an avoidable preference, until the final order of garnishment or attachment is issued." Ford suggests that this case is instructive because the garnishment order in this case was entered outside the preference period. The Court does not find Freedom Group to be helpful. Freedom Group involved the garnishment of a bank account under Indiana law. This proceeding involved the garnishment of future

6

wages under Illinois law.  It does not necessarily follow from the <u>Freedom Group</u> holding that the entry of the garnishment order transfers the debtor's interest in a bank account that the entry of a garnishment order also transfers the debtor's interest in future earnings that are contingent on future services.

11 U.S.C. § 547(e)(3) provides that "a transfer is not made until the debtor has acquired rights in the property transferred."  The Debtor did not acquire rights in the wages paid during the preference period until he earned them.  Therefore, the transfer occurred during the preference period and it may be avoided.

For the foregoing reasons, the Trustee's complaint to avoid the preferential transfer of $1,664.80 to Ford Motor Credit Company is allowed.

This Opinion is to serve as Findings of Fact and Conclusions of Law pursuant to Rule 7052 of the Rules of Bankruptcy Procedure.

See written Order.

###